UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. FINANCIAL L.P., | Civil No. 09cv1962 L(WMc) |
| Plaintiff, | **ORDER REMANDING ACTION TO STATE COURT** |
| v. | |
| JERRY L. BERNEATHY, | |
| Defendant. | |

On September 8, 2009, defendant Jerry L. Berneathy, appearing *pro se*, removed this action from the Superior Court for the State of California, County of San Diego, North County Division. In his notice of removal, defendant contends that the action is properly removed on the basis of federal question, diversity, and the Court's admiralty jurisdiction. For the reasons which follow, the action is **REMANDED**.

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380; *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), *overruled on other grounds*, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991). "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941)).

**1.    FEDERAL QUESTION**

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

> The Court has consistently interpreted jurisdictional statutes with an "arising under" qualification . . . as "giv[ing] the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008)(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

Defendant contends "the state court complaint pleads and alleges claims 'arising under' Federal Law and there is no absolute expressed prohibition against removal of the federal claims set for [sic] therein." (Notice of Removal at 2.)  A review of the complaint does not bear out the claim of federal question jurisdiction.  Plaintiff U.S. Financial is the owner of certain real property located in California that was purchased at a trustee's sale following foreclosure proceedings.  Defendant, the prior owner of the property, has remained on the property without plaintiff's consent or authorization.  Plaintiff seeks to have defendant removed.

Without question, federal law does not create the purely state law claim of unlawful detainer asserted in U.S. Financial's complaint.

"[F]or a state law claim to provide a basis for federal jurisdiction, the state law claim must 'turn on substantial questions of federal law,' and 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.'"  *Williston Basin Interstate Pipeline*, 524 F.3d at 1102 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).  Here, plaintiff alleges a single cause of action based exclusively on state court law – unlawful detainer.  Neither the complaint nor defendant's notice of removal provides any indication that the unlawful detainer claim involves a dispute or controversy regarding the validity, construction or effect of federal law.

Based on the foregoing, defendant fails to meet his burden of establishing federal question jurisdiction.  This action is therefore remanded to the San Diego County Superior Court.

**2.     DIVERSITY JURISDICTION**

Original jurisdiction exists in cases of complete diversity where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $75,000.  28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The Court is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

In the context of removal, the defendant bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). As part of that burden, defendant must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .." 28 U.S.C. § 1332(c)(1).  Here, defendant does not make *any* allegation concerning the citizenship of plaintiff U.S. Financial L.P.

Defendant alleges he is a California resident. However, for diversity purposes, a person is a citizen of a state in which he or she is domiciled. *Kanter*, 265 F.3d at 857. Plaintiff does not allege where he is domiciled. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Id*. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*. Accordingly, plaintiff has failed to adequately allege his own citizenship for purposes of diversity jurisdiction. *See id.*

Finally, the complaint does not allege damages in excess of $75,000. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego Abrego*, 443 F.3d at 690, quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Based on the allegations in the complaint, this is not "facially apparent." *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (when the complaint falls short of seeking the threshold amount, it is not facially apparent that the amount in controversy requirement has been met.) In the present case, the complaint specifically

states that it is a limited civil case with damages under $10,000.

Because the complaint does not allege the facts necessary to establish minimal diversity as required by 28 U.S.C. § 1332(d)(2)(A), the complaint is remanded to state court for lack of subject matter jurisdiction.

## 3.     ADMIRALTY JURISDICTION

In response to the complaint, defendant filed in the state court what he called an "Answer in Affidavit in Negative Averment, Opportunity to Cure and Counterclaim in Admiralty."  It appears that defendant somehow believes that by labeling a document as arising "in Admiralty," he has invoked the Court's admiralty jurisdiction.  Defendant is incorrect and such an averment is frivolous.

The United States Constitution grants original jurisdiction to federal courts to hear admiralty claims. *See* U.S. CONST. art. III, § 2, cl. 1.  This jurisdiction, codified at 28 U.S.C. § 1333(1), allows the filing of claims related to maritime contracts and maritime torts.  A party seeking to invoke federal admiralty jurisdiction "over a tort claim must satisfy both a location test and a connection test." *Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 982 (9th Cir. 2007) (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)).  The tort must occur on navigable waters and bear a "significant relationship to traditional maritime activity." *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982).  Thus the "location" prong focuses on "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Grubart*, 513 U.S. at 534. The "connection" or "nexus" test "raises two issues." *Id.* "A court, first, must 'assess the general features of the type of incident involved' to determine whether the incident has 'a potentially disruptive impact on maritime commerce.'" *Id.* (quoting *Sisson v. Ruby*, 497 U.S. 358, 363 (1990)).  "Second, a court must determine whether 'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.' " *Id.* (quoting *Sisson*, 497 U.S. at 364 & n. 2, 365).

There is absolutely nothing in the complaint or defendant's "Answer" that remotely suggests any type of incident occurred on navigable waters or has any relationship to maritime

activities. Indeed, plaintiff's unlawful detainer action concerns real property located in Valley Center, California. Under these circumstances, it is beyond disingenuous to attempt to invoke the Court's admiralty jurisdiction. Accordingly, the case must be **remanded** to state court for lack of subject matter jurisdiction.

## CONCLUSION

Defendant has failed to meet his burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

DATED: September 10, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL